IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS BASHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-351 |
| | ) | |
| v. | ) | Judge David S. Cercone |
| | ) | Chief Magistrate |
| PAROLE AGENT RONALD FINE, | ) | Judge Lisa Pupo Lenihan |
| PAROLE AGENT JOHN DOE, | ) | |
| BOARD SECRETARY KIMBERLY | ) | |
| BARKLEY | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

**I. RECOMMENDATION**

Before the Court is Defendants' April 17, 2014 Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (ECF No. 18). For reasons set forth below, it is respectfully recommended that the Motion be granted as to dismissal of the claims against Defendant Barkley. A finding in Plaintiff's favor as to any such claims made (or potentially made under the facts set forth in the Complaint) would necessarily call Plaintiff's parole revocation into question and such claims are therefore barred under Heck v. Humphrey, 512 U.S. 477 (1994). For reasons also set forth below, it is respectfully recommended that the remainder of the Motion be denied and that the case proceed to the summary judgment stage.

1

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff initiated this civil rights lawsuit *pro se* in March, 2013 and amended it in October, 2013. He asserts that the Parole Officer Defendants "forcibly" entered his shared rental home without a warrant and with firearms drawn at 4:30 a.m. on June 3, 2011, at which time Plaintiff thought his home was being robbed. See October, 2013 Complaint (ECF No. 13). He further asserts that he was subjected to a warrantless search and arrest as a parole violator, "was given a revocation hearing and was recommitted as a convicted parole violator." Id. Plaintiff alleges that he was "unable to get affective [*sic*] counsel to appeal these unconstitutional violation[s]" and wrote to Defendant Barkley requesting release from "illegal incarceration" which was refused. He remained in custody until January 23, 2013 (*i.e.*, an additional six months). Id. The Complaint seeks monetary damages against the Defendants.

Defendants filed the pending Motion to Dismiss asserting, without explication of either the standard applicable to Defendant Parole Officers' June 3, 2013 entry and arrest or the relationship between a potential Federal Court determination in Plaintiff's favor and the validity of his parole revocation, that (a) the Complaint should be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994); (b) the Complaint should be dismissed as to Defendant Barkley for lack of personal involvement in a constitutional deprivation; and (c) claims pre-dating October 24, 2011 (two years prior to the date of the Amended Complaint) should be dismissed as time barred. Despite this Court's April 18, 2014 Text Order, Plaintiff has failed to file a response to the Motion to Dismiss.

## III. **STANDARD OF REVIEW**

A Motion to Dismiss under Fed. R. Civ. Proc. 12(b)(6) is an appropriate means of challenging the legal sufficiency of the Complaint. See, *e.g.*, Sturm v. Clark, 835 F.2d 1009, 111 (3d Cir. 1987). Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler, 578 F.3d at 213 (quotation marks and citations omitted); see also Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 117–18 (3d Cir.2013).

Thompson v. Real Estate Mortg. Network, ___ F.3d ___, 2014 WL 1317137, *2 (3d Cir. Apr. 3, 2014).

*Pro se* pleadings are to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The Court is particularly mindful of the leniency to be extended *pro se* civil rights plaintiffs, and the emphasis which this Circuit continues to place on this consideration in the context of Motions to Dismiss.

3

## IV. ANALYSIS

### A. Heck Analysis

Defendants assert that Plaintiff's suit is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), which held that "to recover damages for alleged unconstitutional conviction or imprisonment, or from other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." The rationale behind Heck is that a Section 1983 plaintiff cannot collaterally attack the consequences of his criminal court proceeding.

In accordance with Jackman v. Smith, 2006 WL 2190277, *1 (3d Cir. Aug. 3, 2006) (reversing dismissal of civil rights case under Heck where District Court "problematically" read multiple allegations as single claim, rather than consider which claims might be subject to Heck's bar for "harm . . . whose unlawfulness would render the conviction or sentence unlawful") (citing Torres v. McLaughlin, 163 F.3d 169, 173 (3d Cir. 1998)), the Court considers the individual causes of action against Heck's test of whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487.

In so doing, the Court concludes that, in light of the analysis and statutory or case support provided in (or absent from) Defendants' Brief in Support, only the claim against Defendant Barkley is clearly barred under Heck. More particularly, Plaintiff's allegations against Defendant Barkley are confined to her purported failure to address claims of ineffective

4

assistance and constitutional violations by releasing him from "illegal incarceration". A finding in Plaintiff's favor on this claim (or any other claim potentially reasonably derived from the facts alleged) would necessarily render the parole revocation invalid and thus run afoul of Heck.

As to Plaintiff's claims of warrantless/forced entry and arrest against the Defendant Parole Officers, however, Defendants make a blanket assertion but fail to *establish* that a determination favorable to Plaintiff on the claims stated (or potentially stated under the facts alleged) would necessarily implicate the validity of either his criminal conviction or his sentence under Heck, and is therefore subject to Heck's favorable outcome bar. In seeking dismissal, it is incumbent on Defendants to establish either (a) that the Parole Officers' actions, accepted to be as Plaintiff has alleged in his Complaint, indisputably met the applicable standard, or (b) the express/necessary connection between the alleged warrantless entry and arrest and invalidation of the parole revocation. The briefing filed in support of the Motion does neither. Compare, *e.g.,* Chick v. Boulton, 2006 WL 581166, *3 (D. Colo. Mar. 7, 2006) (denying motion to dismiss *pro se* civil rights action against parole officer for claims including unlawful entry and arrest, with citation to United States Supreme Court and Colorado precedent, and Colorado statutory authority, regarding a parolee's "conditional liberty" and applicability of a "reasonable suspicion" standard but concluding dismissal (as opposed to possible summary judgment) unwarranted where it would require reliance on factual assertions outside those made in Complaint); id. at *4 (denying motion to dismiss claim for damages arising from unlawful arrest under Heck where Court could not "conclude [on the current record] that a judgment in favor of

[plaintiff] . . . . would necessarily imply the invalidity of [his] conviction or sentence").[1]  It may be that Defendant Parole Officers' conduct met the applicable standard.[2]  It may be - depending on, *e.g.*, the facts related to the "forcible" entry and arrest -  that Plaintiff cannot assert a compensable injury resulting from the alleged entry and arrest other than his subjection to parole revocation and additional incarceration (*i.e.*, that Heck could bar his action because the requisite injury would turn on invalidation of his parole revocation).  Accordingly, Defendants may wish to address (through written analysis and the provision of legal support) these or other considerations in the next phase of this litigation, *e.g.*, on motion for summary judgment.  As the

---

[1] Cf. Nelson v. Jashurek, 109 F.3d 1421, 145-46 (3d Cir. 1997) (where plaintiff alleged effectuation of lawful arrest in unlawful manner, court did not "see why a judgment in [his] favor would throw the validity of his conviction into doubt");  McBride v. Cahoone, 820 F.Supp. 623 (E.D. Pa. 2011) (in which the Court held that civil rights action - by plaintiff who pled guilty to theft and was sentenced to house arrest and electronic monitoring and subsequently detained and incarcerated without hearing, for failure to report to his Probation Officer - was a challenge to detention procedures and not subject to Heck)); id. at 8 ("[Plaintiff] has alleged both that the confinement was improper and effectuated through improper procedures.").

[2] See, *e.g.*, Cooper v. Roberts, 2009 WL 2996479, *6 -7 (E.D. Pa. 2009) ("Because parolees have a lesser expectation of privacy and the government has a heightened need to monitor their behavior, 'no more than reasonable suspicion' is needed to legally search a parolee's residence (citing United States v. Williams, 417 F.3d 373, 376 (3d Cir. 2005)); id.  ("A law enforcement officer is empowered to conduct a warrantless search of a parolee's property based on reasonable suspicion that the parolee has violated a condition of parole . . . .") (citing United States v. Strickland, 237 Fed.Appx. 773, 777 (3d Cir. 2007)); United States v. Williams, 70 Fed. Appx. 632, 633 (3d Cir. 2003) (finding warrantless search of a defendant's home justified where parolee was observed to be driving a vehicle and using a beeper, both parole violations).  The Court observes that no reference to these, or other similar, legal authorities was provided in Defendants' briefing.

pleadings now stand, however, the Court must recommend that only the claim against Defendant

Barkley be dismissed under Heck. [3]

**B. Statute of Limitations**

In asserting that Plaintiff's claims pre-dating October 24, 2011 – the date two years prior to filing of his Amended Complaint– should be dismissed as time barred, Defendants provide no acknowledgment of, nor analysis under, the relate back provisions of Rule 15(c), *infra*. Indeed, the two citations in this section of Defendants' Brief are merely to the two-year statutory provision and when it begins to run; the sole assertion – without analysis - is that the claims are time barred. See Defendants' Brief in Support at 8-9.[4]

In considering whether Plaintiff's naming of the Parole Officers as substitute Defendants in an Amended Complaint raising essentially the same relevant allegations and assertions as the

---

[3] The three (3) cases cited in Defendants' Brief do not address themselves at all to the particular considerations *sub judice*. See, *e.g.*, Deemer v. Beard, 2014 WL 764862 (3d Cir. Feb. 26, 2014) (addressing Heck in context of claims against prison officials for confinement beyond legal term). Cf. id. at *3 (noting "main dispute" in Deemer, *i.e.*, that in light of plurality United States Supreme Court opinions, "it has remained an unsettled issue" whether the Heck requirements apply to individuals no longer in State custody, but that Third Circuit continues to apply Heck's favorable termination rule to all Section 1983 plaintiffs). See also Glenn v. Pennsylvania Bd. Of Probation and Parole, 410 Fed.Appx. 424 (2011) (holding state prisoner's § 1983 claim against alleging that he was being incarcerated beyond his original sentence was barred by Heck where no court held that Board incorrectly determined prisoner's release date or failed to timely release him); McKinney v. Pennsylvania Board of Probation and Parole, 405 Fed.Appx. 646 (3d Cir. 2010) (applicability of Heck where claims were for incorrect calculation of maximum sentence and failure to provide parole revocation hearing on continued detention).

[4] Civil actions brought under section 1983 are classified as personal injury claims for the purpose of determining the limitations period under the applicable state law. Wilson v. Garcia, 471 U.S. 261, 272-76 (1985). The limitations period for personal injury actions under Pennsylvania law is two years, *see* 42 Pa. Cons.Stat. § 5524. Thus, the limitations period for civil rights actions in Pennsylvania under 42 U.S.C. § 1983 is two years. See Kost v. Kozakiewicz, 1 F.3d 176 (3d Cir.1993); Rose v. Bartle, 871 F.2d 331, 351 (3d Cir.1989).

original Complaint filed prior to expiration of the two-year statutory period, this Court looks to Fed. R. Civ. P. 15(c)(1). Rule 15(c) is intended to "ameliorate the harsh result of the strict application of the statute of limitations." Singletary v. Pennsylvania Dep't of Corrections, 266 F.3d 186, 193 (3d Cir. 2001). Pursuant to said Rule, an amendment relates back to the date of the filing of the original complaint and is treated, for statute of limitations purposes, as if it had been filed at that time, when:

   (A) the law that provides the applicable statute of limitations allows relation back;

   (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

   (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The law reviewed by this Court suggests that Plaintiff's October, 2013 amendment naming as parties the Probation Officers who effectuated the warrantless entry and arrest initially complained of (*i.e.*, the factual "common core") may meet the provisions of Rule 15(c)(1), or perhaps that Plaintiff may be entitled to discovery as to, *e.g.*, imputed notice in this regard.[5] Accordingly, Defendant's Motion should not be granted on this ground.

---

[5] See Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 130 S.Ct. 2485, 2496, 177 L.Ed.2d 48 (2010) (holding that the question of "mistake" under 15(c)(1)(C) looks to "what the prospective defendant knew or should have known" and "[h]ence the inquiry must focus on" what that defendant "reasonably should have understood about the plaintiff's intent" from, *i.e.*, the

## V. **CONCLUSION**

For the reasons aforesaid, this Court respectfully recommends that Defendants' Motion to Dismiss be granted as to dismissal of the claims against Defendant Barkley and denied in all other respects.

In accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

      /s/ Lisa Pupo Lenihan
      Lisa Pupo Lenihan
      United States Chief Magistrate Judge

June 5, 2014

---

substance of the timely complaint). See also id. at 2493–94 (explaining that "[i]nformation in the plaintiff's possession is relevant ... if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity" as opposed to an informed decision to sue "while fully understanding the factual and legal differences between" potential parties). Cf. Martinez v. Warner, 2008 WL 2331957, *5-6 (E.D. Pa. June 5, 2001) (explicating applicability of Rule 15(c)(1)(C) - including notice, absence of prejudice, knowledge - and finding claims against subsequently named Defendants related back to timely-filed complaint).